Mr. Justice Scott delivered the opinion of the Court. The Digest of the Statutes of Arkansas, prepared by E. H. English and inspected and approved by S. H. Hempstead, purporting to contain all laws of a general and permanent character in force at the close of the session of the General Assembly of the year 1846, were, as such, published by the authority of the State and distributed under the provision of the act approved the 2d January, 1849. (Pamphlet Acts of 1849, p. 57.) This, at the very least, was a legislative declaration that there were no other such statutes then in force. But, independent of any consideration from this source, it is clear, upon another and distinct ground, that the provisions of the Revised Statutes relied upon by the State (the last clause of sec. 25, p. 397) was repealed by the act entitled “ An act to regulate the fees of office of the several officers of this State,” approved 23d December, A.D. 1842. (Pamph. Acts of 1843, p. 27.) This last cited act embraced the whole subject of fees, and fully covered the enire ground of the statute of “ Fees, ch. 91,” Rev. Stat., and was evidently a complete substitute for that statute. This conclusion is irresistible upon a careful comparison of the two statutes. The principal difference between them consists in the respective amounts of the several fees fixed. In every thing else the latter is almost a literal copy of the former statute. The only provisions omitted, in the new one is that under consideration and some two or three other very immaterial matters. Entire sections are copied word for word in the same order as they stood, with no other change whatsoever except the numbering of such sections : and if any part of the statute was to remain in force, this literal^ copying of entire sections was so supremely supererogatory as not to be attributed to the legislature, and is, therefore, a conclusive index to their intention. The authorities are abundant to support the proposition that, where the legislature take up a whole subject anew and cover the entire ground of the subject matter of a former statute, and evidently intend it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect and there may be in the old act provisions not embraced in the new. (Fowle vs. Marrett, 3 Greenl. 22. Davis et al. vs. Fairbairn, 3 How. (U.S.) R. 645. Ellis vs. Paige el al., 1 Pick. 44. Rutland vs. Mendon, 1 ib. 156. Ashley, appellant, &c., 4 Pick. 21. Commonwealth vs. Cooley, 10 Pick. 39.) In the case of Bartlett et al. vs. King ex., (12 Mass. Rep. 545,) the Court say : “ A subsequent statute revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former. All the subject matter of the act of 28 Geo. 2, is contained in the statute of 1785. A part only of its restrictions and limitations in the 2d sec. is omitted in the latter, and it is very obvious by comparing them that the legislature considered the latter as a complete substitute and repeal of the former.” This last cited case is strongly in point. There is no error in the judgment of the Court below, and it must be affirmed.